# MEMORANDA

## CASES NOT REPORTED IN FULL.

---

## THE PEOPLE OF THE STATE OF NEW YORK EX REL. WILLIAM FLOYD AND WILLIAM FLOYD, APPELLANTS, v. ALFRED T. CONKLIN, RESPONDENT.

*Injunction — what justifies granting it against officers of corporations — want of title to office in de facto trustees not sufficient — not appropriate remedy in action of quo warranto.*

The fact that an improper investment of the funds of a savings bank has been made by its trustees, does not justify a court in continuing an injunction restraining its president from exercising or performing any of the duties or privileges of the office of trustee or of president, unless it be shown that some further misuse of the corporate funds is threatened, or that some other act in violation of the plaintiffs' rights is contemplated.

A court of equity will not interfere by injunction in matters relating merely to the internal government of a corporation, so as to restrain directors *de facto* from acting as such, on the sole ground of the alleged invalidity of their title to their offices. (*Mozley* v. *Alston*, 1 Phillips [19 Eng. Ch.], 790; Angell & Ames on Corp., § 312.)

In an action, brought in the name of the people, for the removal of a person from an office into which it is alleged he has unlawfully intruded, and for the recovery of such damages as he may have become liable to pay by reason of his usurpation, an injunction is not an appropriate remedy.

If, for any reason, the continued exercise of his authority shall appear to endanger the interests of the corporation, the action to restrain him must be of a different nature, and be brought by some person whose interests will be jeopardized by the misconduct apprehended, where such action is not brought by the corporation.

APPEAL from an order denying a motion made for the continuance of an injunction.

The action was brought to determine the right of the defendant to the office of trustee and president of the Mechanics and Traders' Savings Institution. Both he and the relator claim to have been regularly elected to the office of president, and the defendant has

held it, discharged its duties and exercised its authority, and still continues to do so. The injunction restrained him from exercising or performing any of the duties or privileges of the office of trustee of the institution, and from intermeddling with its affairs, and from performing any of the duties, or exercising any of the privileges, of the office of its president, or any control over its funds, property or effects.

*H. E. Davies, Jr.*, for appellant. *A. J. Vanderpoel*, for respondent.

Opinion by Daniels, J. Brady; J., concurred.

Order affirmed, with ten dollars costs, besides disbursements.

---

ISAAC BAER, Respondent, *v.* JOHN LEPPERT and another, Appellants.

5h 453
64ad119

*Indorser — promise of, to pay note not duly protested — when valid.*

In order to render valid the promise of an indorser to pay a note, which has not been duly presented for payment, it should be shown that it was made after notice or knowledge that he was not liable on the note on account of the defective nature of the notary's proceedings. (*Claim* v. *Colville*, 8 Johns., 382; *Trimble* v. *Thorne*, 16 id., 152; *Jones* v. *Savage*, 6 Wend., 658; *Tebbetts* v. *Dowd*, 23 id., 379; 1 Parsons on Bills and Notes, 595, 601, and cases cited in notes.)

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Henry Wehle*, for appellants. *J. H. Hildreth*, for respondent.

Opinion by Daniels, J. Davis, P. J., and Brady, J., concurred.

Verdict and judgment set aside and new trial granted, with costs to abide the event.